# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 13-818V
Filed: April 29, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALANNA SULLIVAN BARKER, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

Attorneys' fees and costs decision; an amount to which respondent does not object

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Alanna Sullivan Barker</u>, Englewood, CO, for petitioner (pro se).
<u>Justine E. Daigneault</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 21, 2013, petitioner filed a claim under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10–34 (2006). On February 7, 2014, Richard R. Buley filed a motion to withdraw as petitioner's counsel. On February 11, 2014, the undersigned granted Mr. Buley's motion, and petitioner became pro se. On March 25, 2014, Mr. Buley filed a Motion for Payment of Attorneys' Fees and Costs, requesting $9,189.78 as reimbursement for attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

During a telephonic status conference on April 9, 2014, petitioner orally moved to dismiss her claim and gave respondent's counsel permission to contact Mr. Buley directly to discuss his request for attorneys' fees and costs. On April 11, 2014, the undersigned issued a decision dismissing the petition.

Another telephonic status conference was held on April 25, 2014. Respondent's counsel reported that during informal discussions, she raised objections to certain items in Mr. Buley's motion. As a result, Mr. Buley amended his request for reimbursement of attorneys' fees and costs to $6,937.73. Petitioner made an oral motion for payment of her former counsel's attorneys' fees and costs in the amount of $6,937.73. Respondent does not object to this amount. In accordance with General Order #9, petitioner also reported that she did not incur any costs in pursuit of her claim.

The undersigned finds petitioner's request to be reasonable. Accordingly, the court awards **$6,937.73**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Tipp & Buley in the amount of **$6,937.73**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 29, 2014                              /s Laura D. Millman
                                                   Laura D. Millman
                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.